**Joseph QUINN, Sean O'Brien, Robert Dillon, Joseph Sullivan and C. Roger Kendrick, Jr.**

v.

**CITY OF BOSTON**

**No. CIV.A. 01–10598–RGS.**

United States District Court, D. Massachusetts.

Aug. 24, 2003.

David J. Breen, Susan M. Weise, City of Boston Law Department, Boston, MA, Christine M. Roach, Roach & Carpenter, P.C., Boston, MA, for City of Boston, Defendant.

Nadine M. Cohen, Lawyers Committee for Civil Rights, Under Law of the Boston Bar Association, Boston, MA, Toni G. Wolfman, Foley Hoag LLP, Boston, MA, for NAACP, Movant.

Harold L. Lichten, Pyle, Rome Lichten & Ehrenberg, P.C., Boston, for Joseph E. Quinn, Sean O'Brien, Plaintiffs.

*ORDER ON PLAINTIFFS' RENEWED MOTION FOR A PRELIMINARY INJUNCTION*

STEARNS, District Judge.

After consideration of the briefs in this matter, including the brief filed on behalf of the intervenor NAACP, the arguments advanced by the parties at the hearing on

August 19, 2003, and the directives of the Court of Appeals in *Quinn v. City of Boston*, 325 F.3d 18, 37–38 (1st Cir.2003), the court orders and rules as follows.

(1) The four named plaintiffs (O'Brien, Dillon, Sullivan, and Kendrick), who are not currently employed as City of Boston firefighters, will be hired by the City at the next immediate opportunity to fill vacancies in the firefighter ranks of the Boston Fire Department.[1] The City may enroll plaintiffs' in any firefighting academy that it deems suitable or it may postpone plaintiffs' training until the next regularly scheduled Boston firefighting academy, subject to the court's instructions regarding back pay. Instatement eligibility will be contingent upon each plaintiff's satisfaction of the requirements applicable to all candidate firefighters, specifically: (a) passing the Departmental medical examination; (b) passing a background check and drug test; (c) passing the Departmental physical agility test; (d) compliance with the City's residency requirement; and (e) successful completion of academy training. Age shall not be considered in determining the plaintiffs' eligibility for firefighter positions.

(2) For retirement purposes, each plaintiff who successfully meets the eligibility requirements for instatement, as well as plaintiff Quinn, shall be deemed to have begun his employment as a City of Boston firefighter on the date that he would have been hired had he been appointed with the successful candidates in the October 2000 class of new firefighters. Each plaintiff who qualifies for instatement shall be paid at the step level that he would have achieved, in the normal course of employment, had he then been hired. Plaintiff Quinn's step level will be adjusted according to this same formula, and the City is ordered to pay any back wages that Quinn would have earned, in the normal course of his employment, had his step level been adjusted accordingly.

(3) The court declines to enter any order regarding issues that might impact upon the contractually negotiated rights of other firefighters, such as preferences in the choice of vacation days, work assignments, or promotional eligibility, that are based on seniority determined by accrued time in actual service. To the extent that plaintiffs wish to pursue this matter it should be resolved by agreement with the Union representing the City's firefighters.[2]

(4) While the court agrees that emotional distress damages are generally available to plaintiffs who suffer a deprivation of constitutional rights, the court concludes that hedonic damages are not appropriate in this case. In so determining, the court is not attempting to state a precedential rule of law, but merely seeks in its discretion to tailor the remedy to the circumstances of the case, which include the City's good faith in abiding by the terms of a longstanding consent decree sanctioned by the federal court, and the court's respect for the plaintiffs' determination to serve the public in a dangerous occupation, in some cases at a personal financial sacri-

---

**1.** This Order is not intended to establish a precedent with respect to any similarly situated person who was passed over for appointment in October 2000 and who is not part of this lawsuit challenging the City's hiring decisions.

**2.** Plaintiffs, at oral argument, agreed that retroactive seniority rights impacting on the rights accrued by other firefighters should be granted only with the Union's consent. Given plaintiffs' respect for the sensitivities involved, there is no reason for the court to inject itself into what are, in essence, collective bargaining issues. For similar reasons, plaintiffs have waived any request that the court order that they be granted retroactive seniority under the Civil Service Law.

fice. This is, in other words, a case where the principle involved truly outweighs any prospect of personal financial gain.

(5) At the same time, the court believes that any named plaintiff who is eligible for appointment as a firefighter under the terms of this Order, and who has suffered an economic loss as a result of being passed over for appointment, should be compensated for the difference between what he would have earned as a firefighter (including reasonable overtime) and what he has in fact earned while awaiting the outcome of this litigation. The court further concludes that the City's obligation in this regard (whether characterized as back or front pay) should continue until such time as plaintiffs are permitted the opportunity to enter service as City of Boston firefighters. As to the amounts owing, the court will defer to the mediation recommended by the principal parties to the litigation. Whether back pay should be calculated by including so-called "moonlighting" earnings, the court will leave to the discretion of the mediator, as the issue involves not only the particular circumstances of each plaintiff, but also the historical experience of his cohorts in the October 2000 hiring pool.[3]

SO ORDERED.

---

**3.** The court understands that the plaintiffs have come to a voluntary agreement with the City to obtain the records necessary to determine the amount of back pay, if any, that may be owing under the terms of this Order.